Case 2:16-cv-00164   Document 32   Filed in TXSD on 02/21/17   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIONICIO VALADEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-164 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING ACTION

Plaintiff, Dionicio Valadez (Valadez) sued Defendant City of Corpus Christi (the City) under 42 U.S.C. § 1983, alleging retaliation for the exercise of his First Amendment right to freedom of speech in connection with his suspension without pay after he complained of workplace safety violations. D.E. 11. Before the Court is the City's motion for summary judgment (D.E. 26), asserting three grounds for dismissal: (1) Plaintiff's speech was not protected by the First Amendment because it was uttered in connection with his responsibilities as employee rather than as a citizen; (2) Plaintiff's speech was not protected by the First Amendment because it did not involve a matter of public concern; and (3) Plaintiff has not demonstrated liability against the City pursuant to *Monell*[1] because there is no evidence of a final policymaker or a widespread policy to infringe on employees' freedom of speech.

Valadez has responded (D.E. 29), objecting to the City's affidavit evidence, contending that the Civil Service Review Board is a final policymaker that failed to

---
[1] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

protect employees' freedom of speech as a matter of City policy, and arguing that his speech was protected as uttered for the benefit of the community at large and not just for workplace safety. The City filed a reply containing additional evidence (D.E. 31), which the Court disregards. For the reasons set out below, the Court SUSTAINS Valadez's objections to the City's evidence and GRANTS the motion to dismiss.

## STANDARD OF REVIEW

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

In making this determination, the court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). In this respect, uncontroverted factual allegations in a non-movant plaintiff's pleading may be taken as true. *Am. Mfrs. v. Colbert*, 48 F.3d 530 (5th Cir. 1995).

The court may not weigh the evidence, or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is

competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (*per curiam*) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (*per curiam*) (stating that courts cannot consider hearsay evidence in affidavits and depositions).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## DISCUSSION

### A. Objections to the City's Evidence

Sherri Eldridge, Human Resources Analyst for the City, submitted her affidavit (D.E. 26-1), attesting to the job description of a Senior Equipment Mechanic in the General Services Department—the position Valadez has held at all times material to this case. Valadez has not objected to the job description as attached to Eldridge's affidavit

and it is admissible under the hearsay exception for business records. Fed. R. Evid. 803(6). In fact, rather than object to it, Valadez asks that it speak for itself.

However, Eldridge further states that the terms of the job description mean that Valadez was responsible for ensuring the safe operation of equipment in connection with workplace safety, including making reports of observations to his supervisors. Valadez objects to Eldridge's interpretive testimony on the basis that it is mere allegation, is conclusory, states legal conclusions, is speculative, constitutes hearsay, and is a matter about which Eldridge is not competent to testify.

The Court observes that the job description includes the requirement that one in Valadez's position "Ensure proper care in the use and maintenance of equipment and supplies. Promote continuous improvement of workplace safety and environmental practices." D.E. 26-1, p. 5. Finding that the job description speaks for itself and the interpretive testimony is superfluous, the Court SUSTAINS Valadez's objections and STRIKES Eldridge's testimony in her affidavit that purports to explain the meaning of the job description.

As a separate matter, Eldridge includes in her affidavit an investigation report generated with respect to Valadez's hostile work environment claim. This investigation report is not necessary to the determination of the motion before the Court. It further contains matters that are hearsay and not admissible as a business record. Valadez's objections to the investigation report and any testimony regarding that report are SUSTAINED and paragraph 7 of Eldridge's affidavit, along with the investigation report labeled "Attachment 2" are STRICKEN from the record.

**B. Valadez's Speech is Not Protected by the First Amendment**

An action under § 1983 for retaliation against a public employee based upon that employee's exercise of the First Amendment right to free speech requires proof of the following elements:

> First, the Plaintiffs must suffer an adverse employment decision. Second, the Plaintiffs' speech must involve a matter of public concern [with the *Garcetti*[2] threshold question resolved in favor of citizen speech over employee speech]. Third, the Plaintiffs' interest in commenting on matters of public concern must outweigh the Defendants' interest in promoting efficiency [the *Pickering*[3] balancing test]. Fourth, the Plaintiffs' speech must have motivated the Defendants' action.

*Harris v. Victoria Independent School District*, 168 F.3d 216, 220 (5th Cir. 1999) (citations omitted). At issue in the City's motion is only the second element.

"Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). This is a question of law for the Court. *Id*. at 148 n.7. When considering the form and context of the statement, even matters that can be construed as being of public concern can be, in context, confined to the realm of employee speech, depending on the role the speaker occupied when speaking. *Id*. at 147. *See also Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 692 (5th Cir. 2007). This citizen-versus-employee determination is described as a threshold layer of decision and it presents a question of law for the Court. *Garcetti,*

---

[2] *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).

[3] *Pickering v. Board of Ed. Of Township High School Dist. 205*, 391 U.S. 563, 568 (1968).

*supra* at 418; *Graziosi v. City of Greenville*, 775 F.3d 731, 736 (5th Cir. 2015); *Williams, supra*.

Valadez was employed as a Senior Equipment Mechanic for the City. According to his first amended complaint, in the course of his work he observed violations of workplace safety rules, which he was instructed to ignore in the interest of production expedience and cost savings. Instead, he reported the unsafe use and operation of a forklift to his supervisor. The employee had taken impairing medication and he used the forklift to raise large equipment for which the forklift was not suited and did so without appropriate safeguards. When Valadez's supervisor allowed unsafe practices to continue, Valadez reported it to his Operations Manager. When that did not achieve any results, he made his report to the Director of General Services. The Director instructed Valadez to show the video of safety violations Valadez had created to Human Resources, which Valadez did.

In his affidavit, Valadez attests that none of his job duties required him to have concern for proper care in the use and maintenance of equipment or the supervision or contribution to the improvement of workplace safety and environmental practices. Rather, his only interest and motivation in reporting the violations he observed was to protect the public.

> My reports addressed potential dangers to employees and the public at large since their work involved repair and maintenance on equipment that is used for public commerce at large. This exposed unsuspecting citizens to harm from potential malfunctioning or improperly repaired or maintained equipment. . . . My motivation in making the reports was not for my betterment but a concern for the

> quality of service provided to the public dependent on City employee use of reliable equipment, such as a patrol car, in the performance of their duties.

D.E. 29-1, p. 2.

As set out above, whether Valadez spoke as a citizen or as an employee is a question of law. Valadez's self-serving conclusions invade the province of the Court and do not constitute evidence capable of defeating summary judgment. *See generally, Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 221 (5th Cir. 2015); *Gibson v. Liberty Mut. Grp.*, 129 F. App'x 94, 95 (5th Cir. 2005). Consequently, the Court STRIKES paragraphs 4 and 5 (the last two paragraphs) of Valadez's affidavit (D.E. 29-1).

The Court also examines Valadez's testimony in the first three paragraphs of his affidavit in which he states that his official job duties as a Senior Equipment Mechanic do not include anything related to the safe use and operation of equipment. Despite his testimony, "Activities undertaken in the course of performing one's job are activities pursuant to official duties." *Williams,* 480 F.3d at 693 (citing *Garcetti, supra*). So his denials do not settle the question. Furthermore, Valadez's denials, even if believed, do not raise a disputed issue of material fact to defeat summary judgment because the job description is only one factor to be considered.

The legal question for the Court is whether Valadez spoke as an employee. Cases have shown that at least four non-exhaustive factors, none of which is dispositive, inform that decision: (1) the job description; (2) whether he learned of the matter on which he spoke in the course of his employment; (3) whether he identified as an employee in

making his report; and (4) whether his report was submitted up the chain of his command. *See generally, Johnson v. Hurtt*, 893 F. Supp. 2d 817, 829 (S.D. Tex. 2012) (citing *Williams*, 480 F.3d at 692; *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir.2008); and *Charles v. Grief*, 522 F.3d 508, 513 (5th Cir.2008)). Even setting aside what his job description stated, the other three factors are convincing.

Valadez has based his action on the undisputed allegation that he observed the misuse of the forklift and other safety violations about which he complained in the course of his employment. He reported that misuse up the chain of his command and took action as an employee, as instructed by the director of his division. There is no evidence that Valadez relied on any information gleaned from outside his own work station or that he reported it to any person outside his chain of command. Neither is there any evidence, prior to his summary judgment affidavit, that he communicated any concern regarding the public interest outside his workplace or that his concern was the state of maintenance and repairs to equipment used by others rather than the safety of his workplace.

"[T]he caselaw is unanimous in holding that employee's communications that relate to his own job function up the chain of command, at least within his own department or division, fall within his official duties and are not entitled to First Amendment protection." *Davis v. McKinney*, 518 F.3d 304, 313 n.3 (5th Cir. 2008); *Garcetti, supra* at 421. *See also*, *Dodds v. Childers*, 933 F.2d 271, 273-74 (5th Cir. 1991); *Dorsett v. Board of Trustees for State Colleges & Univs.*, 940 F.2d 121, 125 (5th Cir. 1991); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 551 (5th Cir. 1989). The Court concludes that, as a matter of law, Valadez made the reports on which he bases

his free speech claim in the context of his status as a public employee and they are not entitled to First Amendment protection.

Because the Court has determined that Valadez's speech is not entitled to First Amendment protection, the Court need not, and does not, consider whether he satisfied the requirements of *Monell* in seeking to hold the City liable for his claim.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion for summary judgment (D.E. 26) and this action is DISMISSED WITH PREJUDICE.

ORDERED this 21st day of February, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE